**IN THE MATTER OF**
**THE REGISTRATION OF THE MATAI TITLE "LEA'ENO"**

No. 1541-1975

High Court of American Samoa

Civil Jurisdiction, Land and Titles Division

[Title "Lea'eno" from Village of Matu'u]

July 9, 1975

Counsel for Claimant Tufeluani E. Lea'eno, Tuana'itau Tuia.
Counsel for Objector and Counter-claimant Letuli M. A. Fano, Puleleiite Tufele.

This case arises from a disputed claim to the matai title "LEA'ENO", which title was initially applied for on December 3, 1974 by Tufeluani E. Lea'eno (hereinafter referred to as Claimant) and objected and counter-claimed by Letuli M. A. Fano (hereinafter referred to as Objector) on February 4, 1975. Both Claimant and Objector assert that only he is the person chosen by his family to succeed to the title Lea'eno.

Before trial, the parties stipulated to accept, in part, the questionnaires filed by each party. The information which went towards establishing the requirements for a matai applicant under 1 A.S.C. 751(1), (2) and (4) was accepted in each questionnaire. But each party objected to information relating to proof of 1 A.S.C. 751(3) in the other's questionnaire. Thus, information which tended to establish a village situs for the family or dealt with the family's choice of candidate was not accepted in the stipulation.

After acceptance of the stipulation by the Court, the Objector moved to disqualify the list of 25 family names which the Claimant submitted in accordance with 1 A.S.C. 753. The Objector contends that although the list filed with the Court properly had the ages of each signator, the list sent to Objector did not and thus was defective. The Court holds that the omission of ages from the list sent to Objector is harmless error since Objector had full access to the list filed with the Court and thus could have easily

verified that each signator met the statutory age requirement.

The issue to be decided is which party properly met the requirements of 1 A.S.C. 751(3) and, additionally, which party fulfills the statutory intent of 1 A.S.C. 757. After hearing all of the testimony and carefully considering all of the evidence, the Court finds that the Claimant is entitled to be registered as the holder of the Lea'eno title. Claimant meets the requirements of 1 A.S.C. 751(3) and more successfully fulfills the intent of 1 A.S.C. 757, both of which are necessary prerequisites before title can be conferred.

■ The Court unanimously finds that the Lea'eno title is attached to the village of Matu'u. It takes judicial notice of the decision by the High Court of American Samoa in the case of *Reed v. Polone*, L & T #331-1965, in which the Court held that the two customary clans of the Lea'eno family are Ugaloto and Amiō. Therefore, Claimant met his responsibility when he advertised his claim to the title to the Taape (Ugaloto) and Faala (Amiō) clans. Notice to any other clan was unnecessary since we find that the Iosaia clan of Faga'alu is not connected with the Lea'eno title and had no vote in the selection of the Lea'eno matai. Selection of Claimant at the meetings attended by representatives of the Taape and Faala clans is accepted by the Court as the choice of the clans which have power to confer the Lea'eno title. Thus, Claimant has met the requirement of 1 A.S.C. 751(3), that he be selected by the Lea'eno family.

■ We also find that Claimant better fulfills the requirements of 1 A.S.C. 757. After observation of both parties during the trial and consideration of all testimony, it appears to the Court that Claimant possesses the forcefulness, character, personality and knowledge of Samoan customs intended to be exhibited by a matai under

154

Section 757(3). Because Claimant was chosen by both clans of the Lea'eno family, he has met the requirements of Section 757(2). Evidence established that Claimant has the better hereditary right under Section 757(1); Claimant has 50% Lea'eno blood whereas Objector has less than 10% Lea'eno blood. In addition, Claimant has lived with the family and rendered service whereas Objector has neither lived with the Lea'eno family nor rendered service. Because Claimant has been a leader in his village's growth and government, we find he prevails over Objector regarding the value of the title holder to the family, village and country as stated in Section 757(4).

In summation, the Court finds that Claimant was the only candidate to be chosen by the recognized clans of the Lea'eno family under 1 A.S.C. 751(3). Claimant also prevails over Objector on the requirements of 1 A.S.C. 757. Therefore, it is the unanimous decision of this Court that Claimant Tufeluani E. Lea'eno should be registered as the holder of the matai title Lea'eno.

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED that Tufeluani E. Lea'eno be registered as the holder of the matai title "LEA'ENO".

The Registrar of Titles will be advised of this decree.

Court costs in the amount of $37.50 to be paid by Objector Letuli M. A. Fano within 30 days.